T. G. BOYD *v.* ALEX. LEE *et al.*

LIMITATIONS. *Executor de son tort.* The statute of limitations will run in favor of an executor *de son tort.*

FROM MONROE.

Appeal from the Chancery Court at Madisonville. W. L. WELKER, Sp. Ch.

---
Boyd *v.* Lee.
---

R. Prichard, W. B. Stephens and R. R. Robinson for complainants.

McCroskey & Hicks for defendants.

Cooper, J., delivered the opinion of the court.

The complainant in 1866 became, with Alex. Lee and A. T. Morgan, surety of one G. P. Carmichael on a replevin bond. Upon this bond a judgment was recovered June 8, 1871, against the principal and sureties for $1,770.52, of which complainant paid on December 3, 1872, $1,575.21. This bill, so far as it is now before us, was filed July 24, 1879, against the widow and children of A. T. Morgan, who had died in 1875, and William Lee, his son-in-law, to reach the personal estate of A. T. Morgan tor the satisfaction of complainant's debt, and to hold William Lee liable as *executor de son tort* for so much of the assets of the estate as came to his hands. The defendants answered denying any knowledge of the complainant's demand, and relying upon the statute of limitations of six years as a bar to the action.

The complainant's right of action against A. T. Morgan accrued on December 3, 1872, when he paid the debt on which he and Morgan were co-sureties. The statute having then begun to run in favor of Morgan in his lifetime, did not cease to run at his death unless it be for the six months immediately thereafter allowed by the Code, sec. 2760, for the qualification of a personal representative: *Loyd* v. *Loyd*, 9 Baxt., 406; *Maloney* v. *Wilson*, 9 Baxt., 403.

The bar of the statute of limitations of six years had therefore attached: Code, sec. 2775. It is argued that an executor *de son tort* occupies a fiduciary relation, and that the statute does not run in his favor. But the only trusts which are not protected by the statute are express trusts created by contract or the trusts growing out of the relation of a legal personal representative to legatees or distributees. The statute applies to implied or constructive trusts, and to rights of action as to which the courts of law and equity have concurrent jurisdiction: *Peebles* v. *Green*, 5 Lea, 471; *Bank of Gallatin* v. *Baber*, 6 Lea, 273, 279.

The chancellor's decree must be reversed in regard to this demand, and the bill dismissed with costs. The report of the Referees upon the statute of limitations is in accord with this opinion and will be confirmed.